The Honorable James C. Scott State Senator 321 U.S. Highway 63 North Warren, AR 71671-9707
Dear Senator Scott:
You have requested an Attorney General opinion concerning the Arkansas Transitional Employment Board. You indicate that this Board, the creation of which is reflected in A.C.A. § 20-76-105, has directed the Department of Human Services to terminate a contract between the Department of Human Services and the Department of Sociology of the University of Arkansas, for the training of welfare caseworkers.
You have presented the following questions:
 (1) What is the scope of the Arkansas Transitional Employment Board's authority to approve or disapprove contracts between the Department of Human Services and other entities?
 (2) Does the Board have the authority to conditionally approve contracts, subject to further review and approval by the Board?
 (3) Does the Board have the authority to require the Department of Human Services to terminate a contract through use of a thirty-day cancellation clause in the contract?
RESPONSE
Question 1 — What is the scope of the Arkansas Transitional EmploymentBoard's authority to approve or disapprove contracts between theDepartment and other entities?
It is my opinion that the scope of the Arkansas Transitional Employment Board's statutory authority is to review, make recommendations concerning, and approve or disapprove contracts being considered by the Department of Human Services, before the Department enters into such contracts. However, it is also my opinion that the Board has the statutory authority to require that the Department include in its contracts a provision granting the Board more extensive authority. Thus, the Board could be given more extensive authority by the terms of a particular contract. But the Board's statutorily-granted authority is limited to reviewing, making recommendations concerning, and approving or disapproving contracts before they have been entered into by the Department. Although this authority is not explicitly stated in the statute that created the Arkansas Transitional Employment Board and that outlines the Board's powers and duties (A.C.A. § 20-76-105), such authority is reflected in A.C.A. § 20-76-201, which outlines certain powers and duties of the Department of Human Services. The pertinent section of that statute is Section (8), which states:
The Department of Human Services shall:
 Make any and all contracts and grants that may be necessary to carry out the purposes of this chapter and in accordance with rules and regulations developed by the department and subject to review, recommendation, and approval by the Arkansas Transitional Employment Board;
A.C.A. § 20-76-201(8) (emphasis added).
It is clear that the phrase "subject to review, recommendation, and approval by the Arkansas Transitional Employment Board" modifies the verb phrase "make any and all contracts" at the beginning of the section. This statutory language is unambiguous in its effect of limiting the Board's role to pre-contractual review, recommendations, and approval or disapproval. A fundamental principle of statutory interpretation is that in the absence of an ambiguity, statutory language should be interpreted just as it reads. Hagar v. State, 341 Ark. ___, ___ S.W.3d ___ (June 15, 2000). Because the language of A.C.A. § 20-76-201(8) is unambiguous, it must be interpreted as being limited to granting authority to the Arkansas Transitional Employment Board to review, make recommendations concerning, and grant approval or disapproval of contracts before such contracts have been entered into by the Department of Human Services. It should be noted that under this statutory language, the Board could require that the Department include in its contracts a term granting the Board the authority to impact a contract subsequent to its formalization. However, this authority to subsequently impact the contract would arise out of the contract itself, and not out of any explicit statutory language.
This power of the Board to review, make recommendations concerning, and approve or disapprove contracts prior to their inception by the Department is consistent with the explicitly-stated powers and duties of the Board to oversee and administer programs concerning transitional employment assistance, as outlined in A.C.A. § 20-76-105.
Question 2 — Does the Board have the authority to conditionally approvecontracts, subject to further review and approval by the Board?
It is my opinion that the Arkansas Transitional Employment Board does not have statutory authority to approve a contract conditionally, subject to its further review and approval. As indicated in response to Question 1, however, the Board does have the statutory authority to require the Department to include in its contracts a provision granting the Board this authority. Thus, any authority of the Board to impact a contract after it has been entered into will depend upon the provisions of that contract. Accordingly, I conclude that the Board may, in certain instances, depending upon the contract, have the authority to approve a contract conditionally, subject to subsequent review and approval. However, any authority of this nature would be contractual rather than statutory.
Question 3 — Does the Board have the authority to require the Departmentof Human Services to terminate a contract through use of a thirty-daycancellation clause in the contract?
It is my opinion that the Arkansas Transitional Employment Board does not have statutory authority to require the Department to terminate a contract through the use of a thirty-day cancellation clause. However, it is my opinion that the Board does have the statutory authority to require the Department to include a provision in its contracts that would grant the Board such authority. Thus, certain contracts, by their specific provisions, may grant the Board this authority, but this authority is not granted by statute. It should be noted that the Board's attempt to terminate a contract to which it is not a party and the terms of which do not grant the Board the authority to terminate the contract could constitute a violation of the constitutional prohibition against impairment of contracts. See U.S. Const., art. 1, § 10; Ark. Const., art. 2, § 17.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh